UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:09CV-00105-EHJ

MARY J. HAWKINS                                          PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                         DEFENDANT

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

BACKGROUND

Before the Court is the complaint (DN 1) of Mary J. Hawkins ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 12) and the defendant (DN 13) have filed a Fact and Law Summary.

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 11) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered February 17, 2010 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security Income payments on March

2, 2005 (Tr. 24). Plaintiff alleged that she became disabled on September 11, 2004, as a result of congestive heart failure and back problems (Tr. 899-900). Administrative Law Judge James E. Craig ("ALJ") conducted a hearing on February 15, 2007 in Owensboro, Kentucky (Tr. 1386-1416). The plaintiff was present and represented by Bradley P. Rhoads.

In a decision dated July 13, 2007, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 24-33). At the first step, the ALJ found plaintiff has not engaged in substantial gainful activity since September 11, 2004, the alleged onset date (Tr. 26). At the second step the ALJ determined that plaintiff's major depression, generalized anxiety disorder, and chronic low back pain syndrome are "severe" impairments within the meaning of the regulations (Tr. 26-28). Notably, at the second step, the ALJ also determined that plaintiff's acid reflux and alleged cardiac problems are "non-severe" impairments within the meaning of the regulations (Tr. 28). At the third step, the ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 29).

At the fourth step, the ALJ found plaintiff has the residual functional capacity to perform sedentary work (Tr. 29-32). More specifically, the ALJ found that plaintiff can lift and carry 10 pounds; stand and/or walk up to 2 hours and sit up to 6 hours in an 8 hour day; she should no more than occasionally bend; she should never twist the trunk of her body; she is mildly restricted in activities of daily living; she is moderately restricted in difficulties in maintaining social functioning and maintaining concentration persistence in pace; she should avoid work performed within sustained public interaction; she should avoid work performed where sustained detail attention is required; and she should avoid work where the environment is noisy and distracting and where safety is an issue (Tr. 29). Notably, in determining plaintiff's residual functional capacity the

ALJ adhered to the holding in Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997), that directs, absent evidence of improvement in a claimant's condition the ALJ is bound by findings of another Administrative Law Judge in a prior determination addressing the claimant's eligibility for Social Security benefits (Tr. 32). Since the ALJ found a lack of evidence of improvement or increasing severity in the plaintiff's condition he was persuaded to accept the prior residual functional capacity assessment that was rendered on September 10, 2004 and became the final decision of the Commissioner when the Appeals Council upheld that decision on January 28, 2005 (Tr. 24, 32).

At the fourth step, the ALJ found that plaintiff is unable to perform any of her past relevant work (Tr. 32). The ALJ proceeded to the fifth step where he found although plaintiff was not able to perform a full range of sedentary work, the additional limitations in her residual functional capacity had little or no effect on the occupational base of unskilled sedentary work (Tr. 33). Therefore, the ALJ concluded a finding of "not disabled" was appropriate under the framework of Medical-Vocational Rule 201.21 and taking administrative notice of the existence of a significant number of jobs existing in the national economy as contemplated in Section 200.00(b) of Appendix 2 (Tr. 33). In sum, the ALJ concluded that plaintiff has not been under a "disability" as defined in the Social Security Act, from March 2, 2005 through the date of the decision (Tr. 33).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 20). The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 11-13).

## CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits

and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 11-13). At that point, the ALJ's decision became the final decision of the

4

Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff argues there was not substantial evidence to support the ALJ's failure to give "controlling weight" to the opinion expressed by her treating psychiatrist, Dr. Robert Shriro ("Dr. Shriro") (DN 12 at Pages 5-6). Plaintiff explains that Dr. Shriro performed a psychiatric evaluation on November 7, 2005 and assigned a Global Assessment of Functioning ("GAF") of 40 (DN 12 at Page 5). Plaintiff asserts a GAF of 40 equates to being totally disabled (DN 12 at Page 5; Tr. 1174-1176).

Defendant argues that Dr. Shriro's opinion is not entitled to controlling weight because he did not have a treating relationship with plaintiff and he merely performed a one-time psychiatric evaluation (DN 13 at Pages 3-4). Additionally, defendant asserts that Dr. Shriro's report

5

merely sets forth a GAF rating which does not constitute a functional limitation opinion (DN 13 at Pages 4-5). Finally, defendant argues the GAF rating of 40 is inconsistent with the symptoms plaintiff reported during the psychiatric evaluation and Dr. Shriro's observations in the report (DN 13; Tr. 1174-1175).

Controlling weight is only assigned to the medical opinion of a treating source. Social Security Ruling 96-2p; 20 C.F.R. § 416.927(d)(2). Further, a treating source's opinion is entitled to controlling weight only when it is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Social Security Rulings 96-2p; 20 C.F.R. § 416.927(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 857 (6th Cir. 1990).

In pertinent part "treating source" is defined as follows:

*Treating source* means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)...

20 C.F.R. § 416.920. Review of the administrative record reveals that Dr. Shriro did not treat plaintiff prior to or after the psychiatric evaluation on November 7, 2005. Clearly, the above definition does not describe the relationship that existed between Dr. Shriro and plaintiff.

The definition of "nontreating source" reads as follows:

*"Nontreating source* means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you..."

20 C.F.R. § 416.920.  Clearly, Dr. Shriro is a non-treating source who performed a one-time psychiatric evaluation on November 7, 2008.  Thus, any opinions expressed by Dr. Shriro in his report are not entitled to controlling weight.

The undersigned is well aware of the Commissioner's position regarding GAF ratings.  See Kennedy v. Astrue, 2007 WL 2669153, *5 (6th Cir. 2007) (The Commissioner does not endorse the use of GAF ratings as to disability claims and views them as not having a direct correlation to the severity requirements for mental disorders in Appendix 1).  Nevertheless, Dr. Shriro's GAF rating is a medical opinion[1] and the ALJ is required to explain in the administrative decision the weight given to this opinion.  20 C.F.R. § 416.927(f)(2)(ii); Social Security Ruling 96-6p.  Since the ALJ failed to do so, the administrative decision does not comport with applicable law.  However, Dr. Shriro's GAF rating is inconsistent with his own observations during the mental status examination (Tr. 1175).  Therefore, the ALJ's omission is harmless.

Next, plaintiff argues there was not substantial evidence to support the ALJ's failure to give appropriate weight to the opinions of the primary treating therapist, Jennifer Vandiver-Vertrees (DN 12 at Pages 6-7).  Plaintiff concedes that Ms. Vandiver-Vertrees is an "other source" under 20 C.F.R. § 416.913(d) as opposed to an "acceptable medical source" under 20 C.F.R. § 416.913(a) (DN 12 at Pages 6-7).  However, she argues that Ms. Vandiver-Vertrees' opinions are entitled to great weight because they are consistent with the treatment record (DN 12 at Pages 6-7).  Further, plaintiff asserts these opinions should be used in determining whether she meets a listing

---

[1] While the Sixth Circuit has not been asked to rule on the question, it clearly views a GAF rating as a medical opinion.  See e.g. Nelson v. Commissioner of Social Security, 195 Fed.Appx. 462, 471 (6th Cir. 2006) (unpublished opinion); Martin v. Commissioner, Social Security Administration, 61 Fed.Appx. 191, 200 (6th Cir. 2003) (unpublished opinion).

7

for mental impairments and in determining residual functional capacity (DN 12 at Pages 6-7).

Defendant argues since Ms. Vandiver-Vertrees is an "other source", as opposed to an acceptable medical source, she cannot offer a medical opinion (DN 13 at Pages 5-6). Defendant asserts that the ALJ properly assessed weight to the opinions rendered by Ms. Vandiver-Vertrees in light of the evidence in the record (DN 13 at Pages 6-9).

Relevant to this analysis is Social Security Ruling 06-03P which clarifies how the Commissioner is to consider opinions and other evidence from sources such as Ms. Vandiver-Vertrees who are not "acceptable medical sources" under the regulations. Social Security Ruling 06-03P, 2006 WL 2329939, *1 (August 9, 2006). Notably, while information from "other sources" cannot be used to establish the existence of a medically determinable impairment it "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." Id. at *2. Further, the factors in 20 C.F.R. § 416.927(d) can be applied when the Administrative Law Judge assigns weight to the opinions from "other sources." Social Security Ruling 06-03P, 2006 WL 2329939, *4. Certainly, not every factor in 20 C.F.R. § 416.927(d) will apply in every case. Social Security Ruling 06-03P, 2006 WL 2329939, *5. Additionally, assessing opinions from "other sources" will depend on the particular facts of the case and each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and the weighing of all the evidence in that particular case. Id.

In pertinent part the administrative decision reads as follows:

> Ms. Jennifer Vandiver-Vertrees, LPCA, reported that the claimant has continued generalized anxiety and a mood disorder. Ms. Vandiver-Vertrees opined that her impairments would impose "marked limitations [sic] in social interaction with co-workers and supervisors and concentration, persistence or pace. It was Dr. [sic] Vandiver-Vertrees' opinion that Ms. Hawkins is "totally disabled," due to her mental impairment...

8

> Although the opinion of the claimant's treating counselor, Ms. Vandiver-Vertrees, indicates marked limitations on the claimant's ability to function appropriately, her opinion is inconsistent with objective and clinical findings of record. Section 416.913(a) lists five categories of "acceptable medical sources," none of which mentions licensed counselors. Instead, they are listed in a different section, under "other sources" whose "[i]nformation... may also help us to understand how your impairment affects your ability to work." 20 C.F.R. Section 416.913(e) (1994). Because the regulations do not classify licensed counselors as either physicians or "other acceptable medical sources" they cannot provide *medical* opinions. Under the current regulations, the Administrative Law Judge has the discretion to determine the appropriate weight to accord the counselor's opinion based on all the evidence before him. Therefore based on the above the Administrative Law Judge gives less weight to this evidence than the other evidence in file.

(Tr. 28, 31-32). The undersigned concludes that the ALJ's findings regarding the weight accorded to Ms. Vandiver-Vertrees' opinions is supported by substantial evidence in the record and fully comports with applicable law including Social Security Ruling 06-03P.

Next, plaintiff contends that there was not substantial evidence to support the ALJ's failure to accept her testimony as fully credible (DN 12 at Pages 7-8). Further, plaintiff asserts that the ALJ failed to state sufficient reasons for discarding her testimony (DN 12 at Pages 7-8). Defendant responds by arguing that the ALJ's credibility findings are supported by substantial evidence in the record and fully comport with applicable law (DN 13 at Pages 9-11).

In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. § 416.929; Social Security Ruling 96-7p. Further, a claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings that show the existence of a medical impairment that could reasonably be expected to give rise to the pain or other symptoms alleged. 20 C.F.R. § 416.929(a).

9

In determining whether a claimant suffers from debilitating pain or other symptoms, the two-part test set forth in <u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986), applies. The ALJ complied with the first part of the test by examining the record and determining whether there is objective medical evidence of an underlying medical condition. The ALJ proceeded to the next part of the test when he addressed whether the objectively established medical conditions were of such severity that they can reasonably be expected to produce the alleged disabling pain and other symptoms. With regard to plaintiff's medically determinable physical impairments the ALJ concluded while it is reasonable to expect that they would produce the alleged symptoms, plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible (Tr. 30). In reaching this conclusion the ALJ noted that the objective evidence failed to substantiate the degree of subjective limitations alleged by plaintiff (Tr. 30). 20 C.F.R. § 416.929(c)(3) and (4). Further, the ALJ noted that no treating physician had imposed any limitations on plaintiff's ability to engage in work-related activities (Tr. 30-31). With regard to plaintiff's mental impairments the ALJ again noted that plaintiff's subjective statements regarding the degree of limitation was not supported by the objective medical evidence in the record and the level of plaintiff's daily activities (Tr. 31). 20 C.F.R. § 416.929(c)(3) and (4).

The ALJ found from the evidence in the record that plaintiff does not suffer the pain and symptoms to the extent that she claims. In the absence of detailed corroborating evidence of plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of plaintiff's credibility. Since tolerance of pain and other symptoms is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the plaintiff, the conclusion of the ALJ, who has the opportunity to observe the plaintiff's demeanor, "should not be discharged lightly." <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d

365, 367 (6th Cir. 1984) (citation omitted).  The undersigned concludes that the ALJ's findings regarding plaintiff's credibility are supported by substantial evidence and fully comport with applicable law.  Moreover, the undersigned concludes that the ALJ did provide sufficient reasons for discounting the plaintiff's credibility.

Next, plaintiff argues there was not substantial evidence to support the ALJ's failure to determine that the combined effects of her physical and mental impairments rendered her totally disabled (DN 12 at Page 9).  A careful review of the administrative decision clearly indicates that the ALJ did in fact consider the combination of plaintiff's physical and mental impairments in making his determination regarding disability (Tr. 29-33).

Finally, plaintiff asserts that the ALJ erred in improperly speculating as to medical conclusions (DN 12 at Pages 9-11).  After considering the ALJ's decision the undersigned concludes there is no merit to plaintiff's argument.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the findings set forth in the final decision of the Commissioner are supported by substantial evidence, and it is recommended that judgment be granted for the Commissioner.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).


Copies:	Counsel